IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| FARMOBILE, LLC, JASON G. TATGE, HEATH GERLOCK, RANDALL THOMAS, and CLARKE GERLOCK, | ) ) ) ) | CASE NO. _____ |
|---|---|---|
| Plaintiff, | ) ) | **NOTICE OF REMOVAL** |
| vs. | ) ) | |
| FARMERS EDGE INC., and RON OSBORNE, | ) ) ) ) | |
| Defendant. | ) ) ) | |

Defendants Farmers Edge Inc. and Ron Osborne, by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1338, 1441, 1446, and 1454, jointly file this Notice of Removal of Case No. CI 17-4460 from the District Court of Douglas County, Nebraska to the United States District Court for the District of Nebraska. In support of the Notice of Removal, the Defendants state as follows:

1. This civil action was originally filed in the District Court of Douglas County, Nebraska on May 26, 2017, and the Plaintiffs filed an Amended Complaint on June 14, 2017.

2. Counsel for the Defendants agreed to accept service by email, and Defendant Farmers Edge Inc. and Defendant Ron Osborne each were served with a Summons pursuant to that agreement on June 5, 2017.

3. Counsel for the Defendants also was personally served with a Summons and Complaint on Defendant Ron Osborne and Defendant Farmers Edge Inc. on June 6, 2017.

4. All Defendants consent to removal.

5. The Defendants' Notice of Removal is timely, as it was filed within the thirty (30) day period allowed pursuant to 28 U.S.C. § 1446(b).

6. As required by 28 U.S.C. § 1446(a), copies of all "process, pleadings and orders served upon each such defendant" are attached hereto as Exhibit 1 to this Notice of Removal, including the Amended Complaint.

7. As set forth more fully below, this Court has original subject matter jurisdiction 28 U.S.C. §§ 1331 and 1338, and removal is proper under 28 U.S.C. §§ 1441(a) and 1454.

8. As set forth more fully below, this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

9. This action is properly removed from the District Court of Douglas County, Nebraska, to this Court pursuant to 28 U.S.C. §§ 1331, 1338, 1441(a), and 1454.

10. This Court has original subject matter jurisdiction of this action according to 28 U.S.C. § 1331, which provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

11. This Court also has original subject matter jurisdiction of this action according to 28 U.S.C. § 1338, which provides that "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights."

12. Pursuant to 28 U.S.C. § 1338, federal courts have exclusive jurisdiction over any action in which a well-pleaded complaint establishes either that (1) federal patent law creates the cause of action, or (2) "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the

well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808–809 (1988). A putatively state-law claim "arises under" federal patent law when a patent law issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013).

13. The United States Court of Appeals for the Federal Circuit has held that "the field of federal patent law preempts any state law that purports to define rights based on inventorship." *University of Colorado Foundation v. American Cyanamid Co.*, 196 F.3d 1366, 1372 (Fed.Cir.1999). Removal is proper when a claim is based upon the question of whether someone is properly listed as an inventor in a patent application. *HIF Bio, Inc. v. Yung Shin Pharm, Indus. Co.*, 600 F.3d 1347, 1353 (Fed. Cir. 2010).

14. Plaintiffs' claims relate to a patent application that the Complaint and Amended Complaint refer to the as the "Farmobile '621 patent application" and to a continuation patent application that the Complaint and Amended Complaint refer to as the "Farmers Edge-filed '152 continuation patent application."

15. Plaintiffs' claim seeking a Declaratory Judgment (which is captioned Count XI in the Complaint and Amended Complaint) rests solely on claims about who is properly listed as an inventor in patent applications, and it raises a purely federal question under the authority cited above. The claim alleges that Heath Gerlock, Jason Tatge, and Randy Nuss "are the only inventors of the claims in the original Farmobile '621 patent application and any other application or patent that may issue based on or claiming priority to the same." (Amended Complaint ¶ 148). The claim further alleges that Ron Osborne "is not an inventor of the claims in the original Farmobile '621 patent application or any other application or patent that may issue

based on or claiming priority to the same." (*Id.* ¶ 149). The claim alleges that Heath Gerlock and Clarke Gerlock "are the only inventors of the additional, remaining claims in the Farmers Edge-filed '152 continuation application and any other application or patent that may issue based on or claiming priority to the same." (*Id.* ¶ 150). The claim further alleges that Ron Osborne "is not an inventor of the additional, remaining claims in the Farmers Edge-filed '152 continuation application or any other application or patent that may issue based on or claiming priority to the same." (*Id.* ¶ 151). The claim first seeks a declaration that Heath Gerlock, Jason Tatge, and Randy Nuss "are the sole inventors for the original Farmobile '621 patent application and any other application or patent that may issue based on or claiming priority to the same." (*Id.* ¶ 152(a)). The claim then seeks a declaration that Heath Gerlock and Clarke Gerlock "are the sole inventors for any additional, remaining claims in the Farmers Edge-filed '152 continuation application and any other application or patent that may issue based on or claiming priority to the same." (*Id.* ¶ 152(b)). The claim then seeks a declaration that Ron Osborne "is not an inventor of any claims in either the original Farmobile '621 patent application or any additional, remaining claims in the Farmers Edge-filed '152 continuation application or any other application or patent that may issue based on or claiming priority to the same." (*Id.* ¶ 152(c)). All of the requirements for removal from *Gunn* cited above are met by that Declaratory Judgment claim. The allegations relating to patent inventorship are necessarily raised, are actually disputed (because Plaintiffs are contesting the manner in which Osborne is listed as an inventor in the continuation application and Defendants contest Plaintiffs' claims), substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress. There is no alternative theory in the Declaratory Judgment claim resting upon a

4

non-federal basis.  The Declaratory Judgment claim arises from an exclusively federal basis and theory and makes the case removable to federal court.

16. Removal is proper pursuant to 28 U.S.C. § 1441.

17. Removal also is authorized by 28 U.S.C. § 1454, which provides that "A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending."

18. The remaining claims by Plaintiff (in addition to the Declaratory Judgment claims) are properly removed as falling within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and pursuant to 28 U.S.C. § 1454 because they are so related to the patent inventorship claims as to form part of the same case or controversy under Article III of the United States Constitution.

19. Defendant will file a notice of this removal in the District Court for Douglas County, Nebraska, and will serve of copy of it and this Notice of Removal on Plaintiffs' counsel.

Respectfully submitted this 26th day of June, 2017.

FARMERS EDGE INC., and RON
OSBORNE, Defendants

By: */s/Jay Koehn*
 Patrick E. Brookhouser, Jr.  # 19245)
 Luke C. Holst # 23834
 Jay Koehn # 25784
 McGrath North Mullin & Kratz, PC LLO
 First National Tower, Suite 3700
 1601 Dodge Street
 Omaha, Nebraska 68102
 (402) 341-3070
 (402) 341-0216 fax
 Patrick E. Brookhouser, Jr. - pbrookhouser@mcgrathnorth.com
 Luke C. Holst - lholst@mcgrathnorth.com
 Jay Koehn - jkoehn@mcgrathnorth.com
 ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

   I hereby certify that on this 26th day of June, 2017 I served a true and correct copy of the foregoing Notice of Removal upon the following parties by email and regular United States Mail, postage prepaid:

| | |
|---|---|
| Marnie A. Jensen<br>HUSCH BLACKWELL LLP<br>13330 California Street, Suite 200<br>Omaha, NE 68154<br>Marnie.jensen@huschblackwell.com | Joan Archer<br>Megan Scheiderer<br>HUSCH BLACKWELL LLP<br>4801 Main Street, Suite 1000<br>Kansas City, MO 64112<br>Joan.archer@huschblackwell.com<br>Megan.scheiderer@huschblackwell.com |

            /s/Jay Koehn